UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| LINDA BATTS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:04-cv-34 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This was a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On January 27, 2005 the court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (docket # 14). The judgment became a "final judgment" within the meaning of the Equal Access to Justice Act ("EAJA") on March 28, 2005, when the government's sixty-day period within which to appeal the judgment had expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Plaintiff's thirty-day period within which to submit an application for attorney's fees after the judgment became final expired on April 27, 2005. *See* 28 U.S.C. § 2412(d)(1)(B). On June 14, 2005, 48 days beyond the statutory deadline, plaintiff filed an application for an award of EAJA attorney's fees. (docket # 15). On June 14, 2005, the court entered an order denying plaintiff's

untimely EAJA motion.   (docket # 19).   On June 30, 2005, plaintiff filed the motion for reconsideration now before the court.  (docket # 20).

On July 20, 2005, the United States Court of Appeals for the Sixth Circuit issued its decision in *Townsend v. Commissioner*, No. 03-6440, __ F.3d __, 2005 WL 1693705 (6th Cir. July 20, 2005).  *Townsend* held that the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401 (2004) overruled Sixth Circuit decisions holding that the 30-day time limit of  28 U.S.C. §2412(d)(1)(B) was jurisdictional, and not subject to equitable tolling.[1]  For the reasons set forth herein, plaintiff's motion for reconsideration will be granted, plaintiff's motion for attorney's fees will be granted in part and denied in part, and judgment will be entered in plaintiff's favor against defendant in the amount of $3,562.50.

## Discussion

1.    Equitable Tolling

*Townsend* established that equitable tolling could apply to EAJA fee applications. *Townsend*, 2005 WL 1693705, at * 3-4.  Now the question is whether equitable tolling does apply. "Federal courts have typically extended equitable relief only sparingly."  *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1991).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814

---

[1]*See Allen v. Secretary of Health & Human Servs.*, 781 F.2d 92, 94 (6th Cir. 1986)("[W]e hold that compliance with the thirty (30) day filing requirement [of 28 U.S.C. § 2412(d)(1)(B)] is jurisdictional."); *United States v. Ranger Electronic Communications*, 210 F.3d 627, 635 n.1 (6th Cir. 2000)(Jones concurring)(The district court erred in applying equitable tolling because, with few exceptions, courts cannot extend a jurisdictional deadline.).

(2005).  The pertinent facts are set forth in the unopposed affidavit of plaintiff's attorney Rolland L. Morse and its accompanying attachments.  (docket # 20).  These documents provide a sufficient factual basis for equitable tolling.  Plaintiff's counsel is expressly cautioned, however, that this is an extremely close question, particularly on the diligence component.  The timely filing of an application for EAJA fees is plaintiff's attorney's responsibility.  Here, the extraordinary circumstances are that defendant's Assistant Regional Counsel, Edward J. Kristof reached an agreement regarding plaintiff's EAJA application before the April 27, 2005 filing deadline, and that Kristof failed to provide promised documents until after the deadline had passed.  Equitable tolling is appropriate where such assurances cause the opposing party to miss a filing deadline.  If there had been any disagreement concerning either the terms or timing of the agreement with Attorney Kristof, it is unlikely that equitable tolling would apply.  However, on the unique facts presented, the court finds that equitable tolling is appropriate, and that plaintiff's EAJA application is timely.  The court's order denying plaintiff's application on the basis that it was untimely will be vacated. [2]

2.      Attorney's Fees and Expenses Under the EAJA

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the

---

[2]The affidavits plaintiff's attorney electronically filed in support of the motion for reconsideration and the application for fees do not contain the "s/___" block indicating that the paper document had an original signature.  The original affidavits signed by plaintiff's attorney have never been filed with the court.  Plaintiff's counsel is directed to Rule 5.7(d) of the Local Civil Rules of the Western District of Michigan.  Counsel must immediately cure these defects or risk having a favorable judgment overturned on appeal for lack of admissible supporting evidence.

position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Reasonable attorney's fees and litigation expenses may be awarded under the EAJA. 28 U.S.C. §2412(d)(2)(A). The Sixth Circuit applies an abuse-of-discretion standard when reviewing a district court's decision regarding attorney's fees under the EAJA. *See Townsend*, 2005 WL 1693705, at * 2. In order to reverse, the appellate court "must be firmly convinced that a mistake has been made." *Damron v. Commissioner*, 104 F.3d 853, 855 (6th Cir. 1997).

The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 506-07 (6th Cir. 1998); *see also Green v. Commissioner*, No. 02-3002, 2002 WL 31780941, at * 1 (6th Cir. Dec. 11, 2002). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Defendant does not dispute that plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees. The court remanded this matter to the Commissioner because the ALJ did not give any reasons, much less "good reasons" for the weight assigned to a treating physician's opinion as required by *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). Defendant has not addressed, much less carried its burden of demonstrating that the government's position was substantially justified. *See Scarborough*, 541 U.S. at 414-15.

The court finds that the $4,050.00 in attorney's fees sought by plaintiff is unreasonable for the work performed. This was not a particularly difficult or complex security case. Plaintiff's attorney states that he is experienced in this area of the law and seeks to recover at an hourly rate of $150 per hour, yet claims to have spent in excess of 20 hours preparing the briefs he filed on plaintiff's behalf. The court finds that 20 hours represents a reasonable number of hours for an experienced attorney to have completed this work. The court finds that the total hours reasonably expended was 22.75, resulting in an EAJA attorney's fee award of $3,412.50. Plaintiff is entitled to recover the $150 filing fee expense. 28 U.S.C. § 2412(a)(1). Therefore, plaintiff is entitled to judgment in her favor in the amount of $3,562.50.

Plaintiff requests that the court order defendant to pay the fees under the EAJA directly to plaintiff's attorney. The EAJA requires that payment be made to the plaintiff. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Plaintiff is a prevailing party. The plaintiff's attorney is not. *See FDL Tech., Inc. v. United States*, 967 F.2d 1578, 1580-81 (Fed. Cir. 1992); *accord Zeisler v. Neese*, 24 F.3d 1000, 1001 (7th Cir. 1994); *Panola v. Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510-11 (11th Cir. 1988). Judgment will be entered in plaintiff's favor against defendant.[3]

---

[3] The manner in which defendant elects to satisfy the monetary obligation created by the judgment is not before the court. However, it is worth noting that a joint check payable to plaintiff and her attorney is one obvious solution.

### Conclusion

For the reasons set forth herein, plaintiff's motion for reconsideration will be granted, the court's order denying plaintiff's motion for attorney's fees and expenses as untimely will be vacated, equitable tolling will be applied in plaintiff's favor, plaintiff's motion for an award of attorney's fees and expenses under the EAJA will be granted in part and denied in part, and judgment will be entered in plaintiff's favor against defendant in the amount of $3,562.50.

Date:    August 15, 2005          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE

-6-